### WRIGHT v. PUVOGEL.

(Supreme Court, Appellate Term. May 15, 1908.)

CARRIERS—CARRIAGE OF GOODS—FAILURE TO DELIVER—EVIDENCE.

In an action against an expressman for failure to deliever a trunk, a judgment for defendant *held* against the weight of evidence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, §§ 382–384.]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Earl D. Wright against Henry Puvogel. From a judgment for defendant, plaintiff appeals. Reversed, and new trial granted.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

Ferguson & Ferguson (L. S. Ferguson, of counsel), for appellant.

PER CURIAM. Plaintiff delivered to the agents of defendant, an expressman, a check for a trunk, which trunk was to be taken by the defendant from the Pennsylvania Railroad depot to the Arlington Hotel. The trunk was never delivered. Defendant claims he could not get the trunk at the Pennsylvania depot, and that he returned the check to plaintiff. This is denied by plaintiff, who is corroborated essentially by a disinterested witness as to admissions of defendant's driver that he got the trunk from the depot. The defendant was asked if he did not tell plaintiff that his man would swear that he got the trunk and delivered it, and he replied: "I might have said so." Defendant's book showed that the trunk was marked "delivered," and defendant's testimony trying to identify plaintiff as the person to whom he claims to have returned a check is not convincing, nor can his driver state if it was plaintiff's trunk or another trunk that he could not get at the Pennsylvania depot. There is no question as to the nondelivery of the trunk; and it seems to us that the judgment in favor of the defendant is against the weight of evidence.

The judgment should be reversed, and a new trial granted, with costs to appellant to abide the event.